# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | |
| **Joannie Alderette** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:09CR03078-006JB** |
| | USM Number: **54200-051** |
| | Defense Attorney: **Roberto Albertorio, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **S1 and S23 of Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 21 U.S.C. Sec. 846 | Conspiracy to Violate 21 U.S.C. Sec. 841(b)(1)(C) | 07/16/2009 | S1 |
| 21 U.S.C. Sec. 843(b) | Use of a Telephone to Facilitate a Drug Trafficking Offense | 05/21/2009 | S23 |

The defendant is sentenced as provided in pages 2 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☒ Count **s S24 through S26** are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**December 8, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**January 30, 2012**
Date Signed

Defendant: **Joannie Alderette**
Case Number: **1:09CR03078-006JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **2 days or time served, whichever is less** .

**A term of 2 days is imposed as to each of Counts S1 and S23; said terms shall run concurrently for a total term of 2 days.**

**The Court incorporates by reference its Memorandum Opinion and Order, filed January 23, 2012 (Doc. 442)("MOO"). Defendant Joannie Alderette, pursuant to a Plea Agreement, filed June 7, 2011 (Doc. 315), pled guilty to Count 1 and Count 23 in the Superseding Indictment, filed April 27, 2010 (Doc. 62), charging her in Count 1 with a violation of 21 U.S.C. § 846, that being conspiracy to distribute methamphetamine, and charging her in Count 23 with a violation of 21 U.S.C. § 843(b), that being use of a telephone to facilitate a drug trafficking offense. The Plea Agreement stipulates that Alderette is responsible for twenty-one grams of methamphetamine. See Plea Agreement ¶ 10, at 5. The parties stipulate that she "was a minor participant in the criminal activity underlying this agreement" and that a 2-level reduction is appropriate under U.S.S.G. § 3B1.2 based on her minor role. Plea Agreement ¶ 10, at 5. The parties agree to a 3-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, "so long as the Defendant continues to accept responsibility for the Defendant`[s criminal conduct." Plea Agreement ¶ 10, at 5. "Apart from the stipulation set forth in [the] plea agreement," the parties "reserve their rights to assert any position or agreement with respect to the sentence to be imposed." Plea Agreement ¶ 10, at 6-7.**

**The United States Probation Office ("USPO") disclosed a PSR for Alderette on July 22, 2011. In the PSR, the USPO calculates Alderette`s total offense level to be 15. See PSR ¶ 252, at 40. The PSR calculates her base offense level to be 20 under U.S.S.G. § 2D1.1(c)(1) based on her possession of "at least 20 grams, but less than 30 grams of methamphetamine." PSR ¶ 245, at 39. The PSR includes a 2-level reduction under U.S.S.G. § 3B1.2(b) based on Alderette`s minor role in the criminal activity at issue. See PSR ¶ 248, at 40. The PSR includes a 3-level reduction under U.S.S.G. § 3E1.1 based on Alderette`s acceptance of responsibility. See PSR ¶ 252, at 40. The PSR lists her criminal history category as II, based on 3 criminal history points. See PSR ¶ 256, at 44. The PSR calculates that an offense level of 15 and a criminal history category of II results in a guideline imprisonment range of 21 to 27 months. See PSR ¶ 304, at 57. The USPO concludes that a departure under U.S.S.G. § 5K2.0(c) is warranted, based on a combination of factors when viewed collectively, "including her history of physical and sexual abuse, substance abuse, parental alcoholism, and her family ties and responsibilities." PSR ¶ 328, at 62. There being no disputes about the factual findings in the PSR, the Court adopts them as its own.**

**Alderette asks the Court for a sentence of time served or probation along with a period of electronic monitoring. Plaintiff United States of America asserted at the sentencing hearing on December 8, 2011, that it would not oppose a sentence of house arrest combined with some period of probation. See Plea Agreement ¶ 9, at 5. At the sentencing hearing, the Court accepted the parties` stipulation as to Alderette`s minor role in the criminal activity underlying the Plea Agreement. In its MOO, the Court departed downward on Alderette`s offense level 3 levels pursuant to U.S.S.G. § 5K2.0(c). See MOO at 8-13. A 3-level downward departure results in an offense level of 12. An offense level of 12 and a criminal history category of II yields a guideline imprisonment range of 12 to 18 months.**

**The Court notes that Alderette conspired to distribute twenty-one grams of methamphetamine and used a telephone to facilitate a drug trafficking offense. The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Alderette`s offenses. The Court believes that, as to both Counts 1 and 23, a sentence of 2 days or time served, whichever is less, along with 3 years of supervised release, which will include conditions of supervised release requiring 12 months of home confinement and electronic monitoring, is sufficient to reflect the seriousness of these offenses. These sentences will run concurrently. The Court believes, under the facts of this case, home confinement and electronic monitoring are more appropriate methods to achieve the goals set forth in 18 U.S.C. § 3553(a) as opposed to additional incarceration. While the Court does not believe another year of incarceration would properly reflect the factors in 18 U.S.C. § 3553(a), the Court believes a similar period of confinement and electronic monitoring is an appropriate alternative, which approximates the bottom of the guideline range as much as possible without further incarceration. Other conditions that the Court will require as part of supervised release will also provide Alderette with some needed education, training, and care to prevent some of her problems, such as her methamphetamine abuse, from reoccurring. The Court believes that, based in part on her progress in staying clean of methamphetamine for approximately two years before sentencing, it does**

not need to impose additional incarceration on Alderette. While the Court is generally reluctant to rely too heavily on post-arrest rehabilitation at sentencing, because most defendants behave while on release before sentencing, Alderette`s rehabilitation has been particularly impressive. That consideration is more weighty when one considers that she has abstained from using one of the most addictive drugs -- methamphetamine -- for approximately two years. When she learned that she was pregnant, she quit the drug. That self-control is impressive.

The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. This sentence adequately reflects the seriousness of the offenses, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, avoids unwarranted sentencing disparities among similarly situated defendants, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While these offenses are not minor offenses, Alderette appears to be one of the least culpable members of the criminal organization. It appears that she was dealing methamphetamine primarily to fuel her own addiction and to provide her friends with methamphetamine. Given the minor role she played, the Court believes this sentence adequately promotes respect for the law, particularly when one considers the sentences some of her more culpable co-Defendants received. Taking into account some of the mitigating circumstances present in Alderette`s case, the Court believes the sentence provides just punishment. Additional incarceration will not benefit Alderette and may, in fact, harm her impressive rehabilitation to date. Given Alderette`s progress in recovering from methamphetamine abuse and her lack of significant criminal history other than one methamphetamine charge she committed over ten years ago, the Court believes that there is not a need to emphasize specific deterrence to Alderette by incarceration. She is now approximately thirty years old and has a lower risk of recidivism than younger defendants. Given the minor role she played in the criminal organization, the specific factual circumstances of her case, and the lengthier sentences some of her more culpable co-Defendants received, the Court believes the sentence provides adequate deterrence to the public at large. Because Alderette has no history of violent crimes and does not appear to present any significant dangers to the public, the Court does not believe it is necessary to emphasize the factor of protecting the public in the 18 U.S.C. § 3553(a) analysis. Comparing Alderette`s sentence to some of the other sentences of her co-Defendants also demonstrates that the sentence avoids unwarranted sentencing disparities among similarly situated defendants. The leader of the organization, co-Defendant Jeremiah Wright, received a total sentence of 120 months based on a requirement that he serve consecutive 60-month sentences. One of the other co-Defendants who sold methamphetamine and had one of the lower amounts of methamphetamine among the co-Defendants received a sentence of only 13 months in part based on the person`s substance abuse problems. Another co-Defendant who sold methamphetamine received a sentence of 48 months. A third co-Defendant, Duncan Selph, who sold methamphetamine received a sentence of 41 months. One co-Defendant, Lorraine Martinez, who was more culpable than some of the other co-Defendants but who had some compelling circumstances regarding her family ties and responsibilities warranting a departure, received a sentence of 5 days. The Court does not believe that Alderette`s sentence should be greater than Martinez` sentence. To avoid unwarranted sentencing disparities among similarly situated defendants in this case with similar records, the Court needs to vary to a sentence of 2 days or time served. As the United States explained at the sentencing hearing, many of these co-Defendants are significantly less responsible than some of the more central people in the organization, specifically Wright, the leader of the organization, and co-Defendant Jorge Acosta-Quezada, one of the other most active members of the organization, and instead are like less important exterior parts of the wheel that was this criminal organization. The United States has consistently described this criminal organization in Farmington, New Mexico as like a wheel, with Wright at the center, and most every other co-Defendant as spokes or as the rim based on the different reasons they dealt drugs. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). As to Counts 1 and 23, the Court sentences Alderette to a sentence of 2 days or time served, whichever is less, along with 3 years of supervised release, which will include conditions of supervised release requiring 12 months of home confinement and electronic monitoring. These sentences will run concurrently.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at  on
   ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐    before 2 p.m. on
☐    as notified by the United States Marshal
☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Joannie Alderette**
Case Number: **1:09CR03078-006JB**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

**A term of 3 years is imposed as to Count S1; a term of 1 year is imposed as to Count S23; said terms shall run concurrently for a total term of 3 years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Joannie Alderette**
Case Number: **1:09CR03078-006JB**

## SPECIAL CONDITIONS OF SUPERVISION

The defendant must participate in and successfully complete location monitoring for a period of 12 months in the location monitoring program with the Radio Frequency (RF) technology under the curfew component. The defendant may be required to pay a portion or all costs of such program.

The defendant must participate in an educational or vocational program as approved by the probation officer.

The defendant must submit to a search of her person, property, or automobile under her control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting illegal drugs, alcohol or any other contraband at the direction of the probation officer. She must inform any residents that the premises may be subject to a search.

The defendant shall have no contact with the co-defendants in this case.

As to Standard condition No. 5, it shall be revised as follows: The Defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program as approved by the probation officer, throughout the term of supervised release.

As to Standard condition No. 13, it shall not apply to employers: as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant`s criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant`s compliance with such notification requirements.

The Defendant must refrain from the use and possession of alcohol and other forms of intoxicants. She must not frequent places where alcohol is the primary item for sale.

The Defendant must participate in and successfully complete a substance abuse treatment program as recommended by the treatment provider and as approved by the probation officer, which may include drug testing and outpatient counseling. The Defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The Defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.

The Defendant must participate in and successfully complete a mental health treatment program as recommended by the treatment provider and as approved by the probation officer, which may include outpatient counseling. The Defendant may be required to pay a portion of the cost of this treatment as determined by the Probation Officer.

Defendant: **Joannie Alderette**
Case Number: **1:09CR03078-006JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐　　The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
|  | $200.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A　　☒　In full immediately; or
B　　☐　$ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.